## J. M. TUCKER et al vs· JAMES A. HAMLIN.

### SUPREME COURT, TYLER TERM, 1883.

*Damages—Measure of in action against officer for wrongful levy.* In an action against an officer for wrongful levy and conversion of goods, the true measure of damages is the value of the goods and interest thereon.

This of course means their value in the exact condition they were at the time of seizure, and does not refer to what might be obtained for them if retailed in small quantities at different times, and in a different shape from that in which they were found by the parties converting them.

Hence, the value of liquors when sold by the drink is not a legitimate subject of

inquiry for the jury, and the admission of such evidence is error, even though the trial judge in his charge lays down the true measure of damages.

Appeal from Williamson County.

*Geo. F. Pendexter and J. H. Robertson* for appellants.
*Makemson, Fisher, Price and Walter Acker* for appellee.

Opinion by Willie, C. J.

This was a suit by appellee against J. M. Tucker sheriff of Williamson county and his co defendants to recover damages for the alleged unlawful seizure and conversion of a stock of liquors and other articles claimed by the appellee to be his property.

One of the issues for the jury to determine was the amount of damages the plaintiff below was entitled to recover in case he succeeded in the action.

The measure of such has been well settled by the decisions of this court to be the value of the goods seized at the place of seizure on the day of conversion, and interest on that value.

Blum vs Merchant, 58 Tex. 400.

Wallace vs. Frieberg, 46 Tex. 35.

This of course means their value in the exact condition they were at the time of seizure, and does not refer to what might be obtained for them if retailed in small quantities at different times, and in a different shape from that in which they were found by the party converting them.

To allow the retail value of the goods to be recovered would be not only to include as damages the profits which the party might have made, over and above the wholesale price of the goods, but also pay for the expense to be incurred and the time and labor to be employed in disposing of them.

Hence the value of the liquors when sold by the drink at a saloon was not a legitimate subject of inquiry in the case, and evidence upon the subject tended only to confuse the jury, and cause them to incline towards the highest amount of damages proved in making up their verdict. Such evidence was admitted by the court over the objections of appellants, and to this ruling exception was properly taken below, and the second assignment of error brings it up for revision of this court.

It is attempted to justify the admission of this evidence for the reason that it was brought out on cross-examination to test the accu-

racy and extent of the witnesses' knowledge as to the market value, by inquiring as to particular sales and retail prices.

Inquiries as to particular sales are sometimes admitted for such purposes, but the sales must be of the articles in like qualities and condition as that involved in the case on trial.

If the witness had testified as to sales of liquors by the barrel, case, or dozen it would perhaps have been allowable, for the liquors in question were put up in one or the other of the three styles, at the time they were levied upon. But their price by the drink threw no light upon their wholesale value, but, on the contrary, tended rather to fix a false standard by which to estimate it. Nor did the fact that the judge laid down the true measure of damages in his charge cure the error committed in allowing this illegal testimony to go to the jury.

The practice of allowing improper evidence over the objections of a party and afterwards attempting to counteract its influence by telling the jury to disregard it, has been unfavorably commented upon by this court in the case of Gulf Col. and S. Fe R'y Co. vs. Levy Austin Term, 1883. That case was reversed upon no other ground except for the course thus pursued by the court below, and it was said that the court would not encourage the practice of admitting improper evidence with the expectation of controlling it by the charge.

There the jury were expressly directed not to consider the evidence in making up their verdict. Here the court in effect did the same thing, and laid down a rule of damages, which is correct, as it undoubtedly was clearly shown that there was error in admitting proof as to the retail price of the goods seized under attachment.

In such state of case the jury must have been somewhat in doubt as to the standard by which they should measure the damages. They must have supposed that, in arriving at their value at the time and place of the seizure, they were to take into consideration the retail prices, or at least let it in some degree control the smaller value placed upon them by the witnesses who testified as to their worth at wholesale.

If not, why did the court allow such evidence to come before us ? they might reasonably enquire.

No witness placed this wholesale value at more that $600, and

some much below that, and yet the jury find the actual damages to be $750, besides the interest.

The plaintiff it is true said the liquors, &c., were worth to him as a saloon keeper $1,000; but from this statement itself and his whole evidnce on this subject taken together, it is clear that he meant that they would bring this amount when disposed of in his saloon by the retail.

We think the court erred in admitting this illegal testimony over the objection of appellants.

As for this error the judgment must be reversed and the cause remanded, we will add that in our opinion there was error in admitting such of the evidence of Fisher as consisted of statements made by third parties, not in the presence of appellants, which tended to show an indebtedness of Scott to P. J. Willis & Bro. and to appellee, or good faith in the transfer from Scott to Hamlin. These statements were made subsequent to the accrual of the debt in favor of Bertram & Moeller, and at the time when steps were being taken by Willis and Hamlin to obtain a preference over them either by attachment or purchase.

Some of the facts were proved by Hamlin, by whom a portion of the statements were made, and Scott, who made the others, could have been called to the stand to testifiy as to them.

The same attempt to control the effect of this evidence was made by directing the jury to disregard a large portion of it, but as we have shown, this did not cure the error of letting it go to the jury over the objections of appellants.

We think the court did not err in giving the 3rd paragraph of the charge complained of in the 3rd assignment of error, for whilst that paragraph instructed the jury to find for defendant if the sale to Hamlin was fraudulent and the latter knew it was so, yet immediately afterwards and in the same connection he charged, in effect, that the defendants should have a verdict if Hamlin had good reason for believing that said transfer was for the purpose of defeating his creditors.

Nor did the court err in refusing the 2nd special charge asked by appellants' counsel for substantially the same charge though expressed in different language had already been given by the court in its general instructions to the jury.

Humphries vs. Freeman, 27 Tex. 45, 50.

The other errors are not such as to require attention.

For the errors set forth in first and second assignments of error the judgment is reversed and the cause remanded.